IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DIAMOND SAWBLADES MANUFACTURERS' COALITION,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>      Defendant. | Before: Hon. _____,<br>    Judge<br><br>Court No. 20-03867 |

## COMPLAINT

Plaintiff, the Diamond Sawblades Manufacturers' Coalition ("the Coalition" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest the final results issued by the U.S. Department of Commerce ("Commerce") in the ninth antidumping duty administrative review of the antidumping duty order on diamond sawblades and parts thereof from the People's Republic of China. The final results were issued on November 2, 2020 and published in the *Federal Register* on November 9, 2020. *See Diamond Sawblades and Parts Thereof from the People's Republic of China*, 85 Fed. Reg. 71,308 (Dep't Commerce Nov. 9, 2020) (final results of antidumping duty admin. rev.; 2017-2018) ("*Final Results*") and accompanying Issues and Decision Memorandum ("I&D Memo").

### JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under section 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) & (B)(iii).

**Court No. 20-03867**

## STANDING

3. Plaintiff is an *ad hoc* association of U.S. producers of diamond sawblades and parts thereof. It is an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(E) and participated in the underlying administrative review of the antidumping duty order. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on November 19, 2020, ECF No. 1, within 30 days of the *Federal Register* publication of the final results. Plaintiff is filing this Complaint within 30 days after the filing of the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On May 3, 2005, Plaintiff filed a petition with Commerce and the United States International Trade Commission alleging that the diamond sawblades industry in the United States was materially injured or threatened with material injury by reason of less-than-fair-value imports of diamond sawblades and parts thereof from China. *See Diamond Sawblades and Parts Thereof from the People's Republic of China and the Republic of Korea*, 70 Fed. Reg. 35,625 (Dep't Commerce June 21, 2005) (initiation of antidumping duty investigations). Commerce published the antidumping duty order on November 4, 2009. *Diamond Sawblades and Parts Thereof from the People's Republic of China and the Republic of Korea*, 74 Fed. Reg. 57,145 (Dep't Commerce Nov. 4, 2009) (antidumping duty orders).

**Court No. 20-03867**

6. On February 6, 2019, Commerce initiated the ninth administrative review of the antidumping duty order on diamond sawblades and parts thereof from China, covering a period of review from November 1, 2017 through October 31, 2018. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 2,159 (Dep't Commerce Feb. 6, 2019).

7. On January 16, 2020, Commerce published the preliminary results of the administrative review, calculating dumping margins of 0.00% for Chengdu Huifeng New Material Technology Co., Ltd. ("Chengdu"), the sole mandatory respondent, and all separate rate respondents. *See Diamond Sawblades and Parts Thereof from the People's Republic of China*, 85 Fed. Reg. 2,705 (Dep't Commerce Jan. 16, 2020) (prelim. results of antidumping duty admin. rev. and prelim. deter. of no shipments; 2017-2018); *see also* Preliminary Decision Memorandum accompanying *Diamond Sawblades and Parts Thereof From the People's Republic of China*, 85 Fed. Reg. 2,705 (Dep't Commerce Jan. 9, 2020) (prelim. results of antidumping duty admin. rev. and prelim. deter. of no shipments; 2017-2018) ("Prelim. Decision Memo").

8. In the preliminary results, Commerce valued non-financial factors of production based on Mexican, rather than Thai, surrogate value data, and valued diamond inputs based on imports into Mexico under HTS subheading 7105.10, which is the HTS subheading for "dust and powder of natural or synthetic" diamonds. Prelim. Decision Memo at 7.

9. Also in the preliminary results, Commerce selected the 2016 financial statements of Thai Gulf Abrasives Co., Ltd.'s ("Thai Gulf") to value financial ratios, while declining to rely on, or incorporate into its financial factors valuation, financial statements for three other Thai producers of merchandise identical or comparable to diamond sawblades. *See id.*

**Court No. 20-03867**

10. On November 9, 2020, Commerce published its final results of the administrative review in which it continued to calculate dumping margins of zero percent for the sole mandatory respondent and the companies receiving a separate rate. *See Final Results*, 85 Fed. Reg. at 71,310.

11. In the final results, Commerce continued to rely solely on HTS subheading 7105.10 to value diamond inputs, dismissing HTS subcategories 7102.21 and 7102.29 (covering industrial diamonds), and 7104.20 (covering unworked, synthetic precious stones). I&D Memo at 3. Commerce also continued to rely on Mexican data to value non-financial factors of production, including diamond inputs. *Id.* at 3, 24.

## CLAIMS AND BASES FOR RELIEF

### Count I

12. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 11.

13. Commerce's decision to value Chengdu's diamond inputs based on the HTS subheading for diamond dust and powder, rather than (1) HTS subheadings for industrial diamonds and/or unworked, synthetic precious stones, or (2) by averaging values under HTS subheadings 7102.21, 7102.90, 7104.20, and 7105.10, was unsupported by substantial evidence and not in accordance with law. As a result, Commerce's valuation of factors of production was inaccurate and its final dumping margin was distorted.

### Count II

14. Plaintiff hereby realleges and incorporates by reference paragraphs 1-13.

15. Commerce's decision to rely on Mexican, rather than Thai, surrogate information to value non-financial factors of production was unsupported by substantial evidence and not in accordance with law. As a result, Commerce's final dumping margin was distorted.

**Court No. 20-03867**

### Count III

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1-15.

17. Commerce's decision to rely only on Thai Gulf's 2016 financial statements to value surrogate financial ratios and failure to incorporate financial information from other Thai producers of comparable merchandise, was unsupported by substantial evidence and not in accordance with law. As a result, Commerce's final dumping margin was distorted.

### Count IV

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1-17.

19. Commerce's calculation of the 0.00% separate rate was unsupported by substantial evidence and not in accordance with law because it was based on the distorted margin calculation for Chengdu. As such, the separate rate should be revised to reflect Chengdu's revised margin calculation.

**Court No. 20-03867**

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that portions of Commerce's final results in the antidumping duty administrative review of *Diamond Sawblades and Parts Thereof from the People's Republic of China* are not supported by substantial record evidence, are inadequately explained, and are otherwise not in accordance with law; and

2) Remand this matter to Commerce for disposition consistent with the Court's final opinion and order; and

3) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Daniel B. Pickard*
Daniel B. Pickard, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
WileyTrade@wiley.law

*Counsel for Diamond Sawblades Manufacturers' Coalition*

Date: November 20, 2020

# **CERTIFICATE OF SERVICE**

PUBLIC SERVICE

*Diamond Sawblades Manufacturers' Coalition v. United States*
**Court No. 20-03867**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on November 20, 2020.

                                                                 */s/ John Allen Riggins*

| | |
|---|---|
| Gregory S. Menegaz, Esq.<br>**deKieffer & Horgan**<br>1090 Vermont Avenue, NW<br>Suite 410<br>Washington, DC 20005 | Ronald M. Wisla, Esq.<br>**Fox Rothschild LLP**<br>1030 15th Street, NW<br>Suite 380<br>Washington, DC 20005 |
| Bruce M. Mitchell, Esq.<br>**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**<br>1201 New York Avenue, NW<br>Suite 650<br>Washington, DC 20005 | Adams Lee, Esq.<br>**Harris Bricken McVay Sliwoski, LLP**<br>600 Stewart Street<br>Suite 1200<br>Seattle, WA 98101 |
| Paul Lee, Esq.<br>**Beijing Dentons Law Offices, LLP**<br>7th Floor, Bulding D<br>No. 9 Dongdaqiao Road<br>Beijing, China | Attorney in Charge<br>International Trade Field Office<br>**Department of Justice, Civil Division**<br>Room 346, Third Floor<br>26 Federal Plaza<br>New York, NY 10278 |
| General Counsel<br>**U.S. Department of Commerce**<br>14th Street and Constitution Avenue, NW<br>Washington, DC 20230 | Supervising Attorney<br>Civil Division – Commercial Litigation Branch<br>**U.S. Department of Justice**<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |